IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD DEVINE, et al.          :          CIVIL ACTION
                               :
        v.                     :
                               :
AMERICA'S WHOLESALE            :
LENDER, et al.                 :          NO. 07-3272

MEMORANDUM

Bartle, C.J.                                    June 25, 2008

        Plaintiffs Edward and Victoria Devine, husband and
wife, bring this action against defendants America's Wholesale
Lender ("AWL"), Countrywide Home Loans, Inc. ("Countrywide"),
U.S. Bank National Association ("U.S. Bank"), and Patriot
Mortgage Company ("Patriot").  They allege that they were the
victims of a predatory loan transaction with respect to a
mortgage financing loan or loans they obtained from AWL.
Plaintiffs filed their original complaint on August 9, 2007,
which includes claims under the Truth-in-Lending Act, 15 U.S.C.
§ 1601, *et seq*. ("TILA"), the Real Estate Settlement Procedures
Act, 12 U.S.C. § 2601, *et seq.*, and various Pennsylvania
statutes.

        Plaintiffs now seek leave to file an amended complaint
in order to add a common law tort claim for fraud and/or
negligent misrepresentation against AWL, Countrywide and Patriot.
Specifically, they assert that these defendants negligently,
carelessly and recklessly provided false information to
plaintiffs regarding their loan terms resulting in the plaintiffs

entering into a loan transaction well beyond their means. According to plaintiffs, the stress plaintiffs then experienced as a result of their financial situation caused plaintiff Edward Devine to suffer a heart attack on August 11, 2006.  Plaintiffs' demand as to this additional claim includes compensatory and punitive damages totaling more than $1,000,000.  Defendants AWL, Countryside and U.S. Bank oppose the motion.[1]

Rule 15(a) of the Federal Rules of Civil Procedure provides in relevant part that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  A court abuses its discretion if it denies a request for an opportunity to amend without providing justification for its decision.  Foman v. Davis, 371 U.S. 178, 182 (1962); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).  "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."  Burlington Coat, 114 F.3d at 1434 (citing Foman, 371 U.S. at 182).

In the instant matter, plaintiffs' proposed amendment to the complaint is futile in light of the applicable statute of limitations.  Under Pennsylvania law, common law tort claims of fraud or negligent misrepresentation are subject to a two-year

---

1.  The court notes that plaintiffs do not seek to bring this claim against defendant U.S. Bank.  No appearance has been entered on behalf of Patriot.

statute of limitations.  42 Pa. Cons. Stat. Ann. § 5524(7);
Drelles v. Mfrs. Life Ins. Co., 881 A.2d 822, 831 (Pa. Super.
2005).  "The statute begins to run as soon as the right to
institute and maintain a suit arises."  Fine v. Checcio, 870 A.2d
850, 857 (Pa. 2005) (quoting Pocono Int'l Raceway, Inc. v. Pocono
Produce, Inc., 468 A.2d 468, 471 (Pa. 1983)).  Lack of knowledge,
mistake or misunderstanding do not toll the running of the
statute of limitations.  Id. (citations omitted).  Pennsylvania
courts will apply the "discovery rule" and toll the statute of
limitations only where "the injury or its cause was neither known
nor reasonably knowable."  Id. at 858.

Here, plaintiffs' complaint alleges that during the
loan settlement conference on June 10, 2005,[2] they "immediately"
recognized that their payments under the terms of the loan as
presented at settlement were significantly higher than the $3,500
per month option they had negotiated.  Pls.' Compl. at ¶ 7.
Plaintiffs also allege that as a result of this discrepancy their
required payments, beginning August 1, 2005, totaled over $8,400
a month.[3]  Pls.' Compl. at ¶ 8.  Thus, as of August 1, 2005 at
the latest, plaintiffs were aware of their injury resulting from
the alleged misrepresentations or fraudulent statements about the

---

2.  The TILA Disclosure Statement, attached to the original and
Amended Complaints as Exhibit "A," provides that the date of the
final settlement was June 10, 2005.

3.  The TILA Disclosure Statement provides that the first
payment, in the amount of $8,408.84, would be due on August 1,
2005.

terms of their loan.  Plaintiffs were also aware at that time that the cause of their alleged injury was false or misleading statements by AWL, Countrywide, and/or Patriot.  Plaintiffs have not disputed this conclusion.  Thus, their cause of action for fraud and/or negligent misrepresentation accrued on or before August 1, 2005.  The original Complaint was filed on August 9, 2007, more than two years later.  Consequently, plaintiffs' attempt to amend their complaint to add this cause of action is futile as it is barred by the applicable statute of limitations.

Plaintiffs' motion for leave to amend their Complaint will be denied.

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


EDWARD DEVINE, et al.          :         CIVIL ACTION
                               :
          v.                   :
                               :
AMERICA'S WHOLESALE            :
LENDER, et al.                 :         NO. 07-3272
```

<u>ORDER</u>

AND NOW, this     day of June, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of plaintiffs Edward and Victoria Devine for permission to amend their Complaint is DENIED.

BY THE COURT:


_____
          /s/ Harvey Bartle III
                              C.J.