```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD H. DEVINE, JR., et al.    :      CIVIL ACTION
                                 :
         v.                      :
                                 :
AMERICA'S WHOLESALE              :
LENDER, et al.                   :      NO. 07-3272
```

MEMORANDUM

Bartle, C.J.                                        August 28, 2008

      Pending before the court is plaintiffs' second motion requesting reconsideration of the Orders denying their motion seeking permission to file an amended complaint.

      Plaintiffs brought this action alleging that they were the victims of a predatory loan transaction in violation of federal and state consumer protection laws.  They filed a motion to amend their complaint on May 15, 2008, in which they sought to add claims in tort alleging that the fraud and misrepresentations in the loan transaction were the primary cause of a heart attack suffered by plaintiff Edward Devine.  We denied their motion as futile because the added claims would be barred by the applicable statute of limitations.  We thereafter denied plaintiffs' first motion for reconsideration.

      Rule 7.1(g) of the Local Rules of Civil Procedure permits a party to move for reconsideration of a court's order within 10 days after the entry of that order.  Local R. Civ. P. 7.1(g).  The purpose of a motion for reconsideration under this

Rule is "to correct manifest errors of law or fact or to present newly discovered evidence."  Local R. Civ. P. 7.1(g), Comment 6(c); Gateco v. Safeco Ins. Co., 2005 U.S. Dist. LEXIS 29542 at *2, No. 05-2869, (E.D. Pa. Oct. 28, 2005) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)).  Under this standard, a party seeking reconsideration may prevail if it meets at least one of the following grounds for relief:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [ruled upon the motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Id. (citing Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

　　　　Here, no change in the controlling law has been advanced.  Nor has there been made available any new evidence concerning the running of the statute of limitations on plaintiffs' putative tort claim that was not available when the court ruled upon the motion of plaintiffs to amend their complaint.  Plaintiffs argue that the deposition transcripts of plaintiff Edward Devine and of their "trusted friend," Kenneth Gjurich, which did not become available until after the court's ruling constitutes such evidence.  We disagree.  Regardless of when the deposition transcripts were finalized, the evidence in issue was clearly available to the plaintiffs long before these depositions occurred.  Finally, granting plaintiffs' second motion for reconsideration would not correct a clear error or

prevent manifest injustice.  To the contrary, granting plaintiffs' motion and permitting them to amend their complaint would be highly prejudicial to the defendants.  The pending motion was not filed until August 4, 2008.  The discovery deadline in this matter was June 30, and this case is scheduled for trial in October.  Permitting plaintiffs to add claims for relief at this time, which they value at $1 million and which would require substantial additional discovery to be taken, is not in the interest of justice.

      Enough is enough.  Plaintiffs' second motion for reconsideration will be denied, and they must proceed on their complaint as originally filed.

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD H. DEVINE, JR., et al.   :      CIVIL ACTION
                                :
         v.                     :
                                :
AMERICA'S WHOLESALE             :
LENDER, et al.                  :      NO. 07-3272
```

ORDER

AND NOW, this 28th day of August, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that plaintiffs' second motion requesting reconsideration of the Orders denying their motion seeking permission to file an amended complaint is DENIED.

                                            BY THE COURT:

                                        /s/ Harvey Bartle III
                                                                            C.J.